IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) Case No. 2:05-cv-654-F |
| ALBERT CARTER, JR., | ) |

### AFFIDAVIT OF JOSEPH P. VAN HEEST, ESQ.

COUNTY OF MONTGOMERY    )

STATE OF ALABAMA    )

I, Joseph P. Van Heest, being duly sworn, do hereby depose and state that the following is true to the best of my knowledge and belief:

I am an attorney licensed to practice law in the State of Alabama and in the United States District Court for the Middle District of Alabama, and have been so licensed since 1994. Between 2001 and 2005 I was employed as an Assistant Federal Defender, with the Federal Defenders Program for the Middle District of Alabama, Inc., in Montgomery, Alabama. During that time, I was assigned the case of *United States vs. Albert Carter, Jr.*, 2:03cr-61-F, and represented Mr. Carter until his sentencing hearing at which time he fired me.

Mr. Carter has alleged ineffective assistance of counsel against me claiming that I did not discuss his plea agreement with him; that I did not object to the presentence officer's application of a two-level enhancement for the firearm being stolen; did not receive a presentencing after requesting to have one; and that I told him he was going to do time

on his federal sentence first and that was the only reason he entered a plea of guilty.

Mr. Carter and I discussed the plea agreement prior to his appearing in court to change his plea from not guilty to guilty. Additionally, when we appeared before Hon. Vanzetta McPherson, United States Magistrate Judge, to enter the guilty plea, she specifically asked if we had reviewed the plea agreement. Mr. Carter did not directly answer and then said we had not. This was untrue. Judge McPherson then adjourned court and directed that we discuss the plea agreement before she would proceed further. We then, again, discussed the plea agreement. Upon finishing our discussion of the plea agreement, Judge McPherson reconvened, determined that we had discussed the plea agreement and answered any questions that Mr. Carter had. She then proceeded to take the guilty plea.

At sentencing, Mr. Carter informed undersigned counsel upon entering the courtroom from the Marshal's lockup that he was ready to go forward but that he did not want me to represent him. I informed the sentencing court of this development and the sentencing court told Mr. Carter he could not fire me. I suggested to the Court that Mr. Carter could go forward *pro se* and the Court permitted me to withdraw, but required me to be present and serve as standby counsel if necessary. The plea agreement was discussed with Mr. Carter on several occasions, and I do not believe my performance was in any way ineffective.

Mr. Carter is correct that I did not object to the two-level enhancement for the claim that the firearm was stolen. On Mr. Carter's behalf, I negotiated a 57-month sentence with the government in this 922(g)(1) case. I felt that the negotiated sentence was an excellent result considering that Mr. Carter's 2 prior sentences were for robbery and attempted

2

murder. Also, the circumstances which led to Mr. Carter's arrest went far beyond merely possessing the firearm. In fact, he had shot his estranged wife in the face and was facing attempted murder charges in Pike County, and he had done so in front of three witnesses. The plea agreement was negotiated pursuant to Rule 11©)(1)©) for the set time of 57 months. The probation office applied a two-level enhancement which was based upon the firearm being stolen. That information came from a statement which Mr. Carter gave after his arrest, but which were able to suppress if the case had gone to trial. (However, even with the statement suppressed, the government still had the victim and two other eyewitnesses to the shooting, and the recovery of the firearm in Mr. Carter's vehicle, where he had been moments earlier.) Mr. Carter objected to the application of the two levels for the gun being stolen claiming that it was not stolen, but rather borrowed with permission from a female friend. I was in no position to challenge the claim of the firearm being stolen because Mr. Carter would not provide me the information to do so. He suggested that the firearm had been borrowed from a female friend, with her permission, but would not identify her and would not let us question her to confirm that story. Furthermore, he refused to accept my explanation that his statement about the gun being stolen could be used at sentencing even though it would be suppressed at any trial.

  At sentencing, Mr. Carter explained to the judge that he had a problem with the application of the enhancement for the gun being stolen and the Court asked if he would like to withdraw his plea. He stated he did not want to withdraw his plea. Furthermore, despite the plea being taken under Rule 11©)(1)©), Mr. Carter was permitted to appeal and the Eleventh Circuit even granted oral argument on the matter. (Because Mr. Carter was insistent in appealing the case, and because he had fired me at the sentencing hearing,

our office drafted a Notice of Appeal for Mr. Carter's signature *pro se* and presented it to him for signature. We then filed it in the district court.) At oral argument, the appellate court questioned whether Mr. Carter received exactly what he bargained for and appellate counsel was forced to concede that he did. The issue was raised on appeal and disposed of by the Eleventh Circuit.

Mr. Carter claims that he did not receive a presentencing after having requested one. I do not know what this claim is alleging, however, a copy of his presentence report would have been provided to him by the Probation Office. Moreover, some time prior to the sentencing hearing, Mr. Carter filed a motion for appointment of new counsel. When I was notified of the filing, I responded by stating that I had since spoken with Mr. Carter and believed the issue had been resolved. However, in an abundance of caution, I asked that the court conduct a hearing on the issue. It did so, and Mr. Carter told the court that he was satisfied with my performance and withdrew the motion. My recollection is that this occurred after the change of plea but before the sentencing hearing.

Mr. Carter finally claims that I told him he would do his time in federal prison first before having to do his time in state prison. He further claims that was the only reason he entered a guilty plea. I do not believe I ever made such a statement. First, he was brought to the Montgomery City Jail on a writ from Pike County, based upon the pending attempted murder charge. Additionally, Mr. Carter's parole was revoked by the State of Alabama, while he was in the city jail, and this happened without my even becoming aware until after the fact. My recollection is that he would not come up for parole until at least 2008, and that this was known to him before the federal case was concluded. Additionally, as to the attempted murder charge, Mr. Carter told me several times he was not concerned about

4

it because he would be able to beat that charge. It appears from his petition that his attempted murder charge in Pike County resulted in a 99 year sentence. However, at the time his federal case was disposed of, the Pike County matter had not even been indicted, but instead was still at the district court level.

In my opinion, Mr. Carter was provided competent counsel, and received an excellent result in his federal case. In fact, I was very surprised that the court went along with the 57 month agreement, and fully expected the court to reject the plea at sentencing and upward depart to a term near the statutory maximum of 10 years.

Respectfully submitted,

_____
JOSEPH P. VAN HEEST
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

I hereby certify that the above statement was taken and sworn in my presence in Montgomery, Alabama on this the _10th_ day of August, 2005.

_____
NOTARY PUBLIC

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2005, I filed the foregoing with the Clerk of the Court and served a copy of the foregoing affidavit on the following by placing a copy in the United States Mail, postage prepaid:

J.B. Perrine, AUSA
Post Office Box 197
Montgomery, Alabama 36101-0197

Albert Carter, Jr.,
AIS # 107266
St. Clair Correctional Facility
1000 St. Clair Road
Springville, AL 35146

        Respectfully submitted,

        _/s/ Joseph P. Van Heest_
        JOSEPH P. VAN HEEST
        LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
        Post Office Box 4026
        402 South Decatur Street
        Montgomery, AL 36103-4026
        Phone: (334) 263-3551
        Fax: (334) 263-3227
        jpvanheestcourts@bellsouth.net
        AL Bar Code: VAN026