IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | CASE NO. 2:05cv654-F |
| ) | (Cr. No. 03cr61-N) |
| ALBERT CARTER, JR. ) | |
| ) | |
| Defendant/Movant. ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and, in compliance with this Court's order to show cause, responds to Defendant/Movant Albert Carter's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On February 27, 2003, a grand jury for the Middle District of Alabama returned a single-count indictment against Albert Carter ("Carter"). See Exhibit A, the indictment. The indictment charged that, on or about February 19, 2003, in Troy, Alabama, within the Middle District of Alabama, Carter, having been found guilty on or about March 11, 1983, of attempted murder, in the Circuit Court of Tuscaloosa County, Alabama, in case number CC-82-1206, and having been sentenced on or about May 9, 1983, to a term of twenty-five years under the laws of the State of Alabama, did knowingly did possess in and affecting commerce, a firearm, that is: a H&R .22 caliber revolver, in violation of 18 U.S.C. § 922(g)(1).

Carter entered into a guilty plea agreement with the United States pursuant to Fed. R. Crim. P. 11(c)(1)(C). See Exhibit B, a copy of the guilty plea agreement. He was assisted in the

plea process by Joseph Van Heest ("Van Heest") of the Office of the Federal Public Defender for the Middle District of Alabama. In return for Carter's plea of guilty, the United States agreed to recommend a sentence of 57 months in prison. Exhibit B, at 2. Carter also agreed to waive his rights to appeal the sentence, and to file a collateral attack except upon grounds of prosecutorial misconduct, ineffective assistance of counsel, or an upward departure at sentencing. Id. at 3. The agreement set forth the factual basis for the plea, which included Carter's previous felony conviction and his possession of a firearm on or about February 19, 2003, in Pike County, Alabama. Id. at 4. The factual basis also stipulated that the firearm had traveled in interstate commerce, and that such conduct violated 18 U.S.C. § 922(g)(1). Id. The agreement concluded with an acknowledgment that Carter had read the plea agreement, that he understood its provisions, and that the factual basis was true and correct. Carter's signature attested to the accuracy of the acknowledgment. Id. at 10.

   Carter's guilty plea hearing was conducted on April 30, 2003. See Exhibit C, a transcript of the guilty plea hearing. After executing a consent form for the assigned United State Magistrate Judge to hear his plea, Carter was placed under oath. Exhibit C, at 2. After informing the Court that he was not under the influence of any drug, medication, or alcoholic beverage, Carter stated that he had received and read a copy of the indictment against him. Id. at 3-4. He stated that he had discussed the charge with his counsel, that he understood the charges, and that he understood the maximum sentence possible if convicted. Id. at 4. Upon learning that Carter had only discussed the plea agreement, but not read it, the Court adjourned to allow him time to read the agreement. Id. at 5. When the Court recalled Carter's case, it determined that he had actually read the agreement and understood its terms. Id. at 5-6. Carter clarified that he would

be entitled to withdraw his plea if he was sentenced to more than 57 months in prison. Id. at 6. The Court confirmed his understanding of Fed.R.Crim.P. 11(c)(1)(C), and Carter stated that he did not have any additional questions concerning his agreement. Id. at 6-7.

The Court asked Carter whether he understood how the application of the U.S. Sentencing Guidelines may apply to his case, and he responded that he did. Id. at 8. The Court then discussed Carter's waivers of the rights to appeal or challenge his sentence. Id. at 9. He was informed that he could only challenge his sentence on grounds of ineffective assistance or government misconduct. Id. Carter stated that he understood. Id. at 10. The Court explained to Carter the rights that he would be relinquishing by pleading guilty, including the right to the presumption of innocence, proof of guilt beyond a reasonable doubt, cross-examination of witnesses, and to testify on his own behalf. Id. at 10-11. Carter stated that he understood that he would forfeit all such rights if he entered a plea of guilty. Id. at 11. The Court then informed Carter that the U.S. Probation Office would prepare a presentence investigation report and that he would be expected to cooperate in the sentencing process. Id.

The Court then asked Carter to state his actions which led to the indictment against him. Id. at 12. Carter stated "I was caught with a gun in Pike County, and I had previously been convicted of attempted murder, I was on parole." Id. The Court then clarified the date and place of Carter's offense. Id. The United States then requested that Carter stipulate that the firearm had moved in interstate commerce, and that Carter knowingly possessed the firearm. Id. at 13. Finally, after stating that Carter was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, that the plea was knowing and voluntary, and supported by an independent factual basis containing each of the

essential elements of the offenses, the Court accepted his guilty plea. Id. at 13-14.

The United States Probation Office prepared a presentence investigation report (PSI) in Carter's case. The report documented his criminal history and recommended a two-level upward adjustment because the probation officer believed the firearm in question had been stolen. See U.S.S.G. § 2K2.1(b)(4).

A sentencing hearing was held in this case on August 7, 2003. See Exhibit D, a transcript of the sentencing hearing. Carter informed the Court that, although he wished to terminate Van Heest's representation, he did not wish to withdraw his plea agreement. Exhibit D, at 5. Carter explained that he wished to file a collateral attack on his prior felony conviction and that Van Heest was not assisting him in that effort. Id. Van Heest then stated that the Court itself had previously explained to Carter that his waiver of the right to collaterally attack the instant conviction had no impact on his ability to challenge the underlying state conviction. Id. at 5-6. The United States and the Court concurred in Van Heest's understanding of Carter's habeas options. Id. at 6.

Carter then stated that he objected to the determination by the U.S. Probation Office that his offense level be enhanced by two points because the firearm in his possession was stolen. Id. at 6-7. Van Heest asked the Court to construe Carter's statements as objections to the presentence report, and available to him as grounds for ineffective assistance of counsel claims. Id. at 7. The Court again clarified for Carter that he had the right to file a collateral attack against his state conviction. Id. at 8.

The Court specifically found that the firearm possessed by Carter was stolen. Id. at 9. It then found that Carter's offense level was 23 and his criminal history category was III, which

produced a guideline sentencing range of 57 to 71 months. Id. The Court also allowed Carter to represent himself, but requested that Van Heest remain available to assist him as sentencing proceeded. Id. at 10. The Court then sentenced Carter to serve 57 months in prison, as recommended by his plea agreement. Id. at 10-11. The Court specified that the sentence would run consecutively to the state sentence for which he was presently incarcerated. Id. at 11. Carter objected to his consecutive sentence, but did not claim to have believed that he would serve his federal sentence first. Id. at 12. The Court denied the objection as to Carter's sentence. Id. Judgment was entered in Carter's case on August 19, 2003.

Carter appealed his convictions to the United States Court of Appeals for the Eleventh Circuit. The appeal challenged the sentence based upon this Court's factual findings and pronouncement of consecutive sentence. However, the appeal was dismissed on April 8, 2004, upon motion by the United States, as the appellate panel found that Carter had knowingly entered into a valid waiver of the right to appeal his sentence. See Exhibit E, at 4-5. The panel also found that Carter's claims of ineffective assistance of counsel could only be addressed through a motion to vacate pursuant to 28 U.S.C. § 2255. Id. at 5.

Carter filed this Motion to Vacate, And Or Correct Sentence on July 13, 2005. On July 26, 2005, this Court entered an Order directing the United States to respond to each claim presented within thirty days. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Carter raises the following issues in his § 2255 motion:

1.     This Court was without jurisdiction to render judgment or impose sentence in his case;

5

2.  Prosecutorial misconduct due to failure to properly charge a violation of 18 U.S.C. § 922(g)(1), and therefore divesting this court of jurisdiction to render judgment or impose sentence in his case;

3.  The Court abused its discretion by finding that the firearm was stolen, and by appointing Joseph Van Heest as stand-by counsel at sentencing;

4.  Trial counsel provided ineffective assistance by failing to discuss the plea agreement with him;

5.  Trial counsel provided ineffective assistance by failing to provide him with the presentencing investigation report prepared in his case;

6.  Trial counsel provided ineffective assistance by failing to object to factual finding that the firearm was stolen; and

7.  Trial counsel provided ineffective assistance by falsely informing him that he would serve his federal sentence first.

### III.  RESPONSE TO CLAIMS FOR RELIEF

**A.   Carter's Non-Ineffective Assistance of Counsel Claims Are Procedurally Barred And Not Properly Considered In This § 2255 Proceeding Because They Could Have Been Raised On Direct Appeal, But Were Not, And Carter Has Failed To Demonstrate Cause And Prejudice To Overcome These Defaults.**

The non-ineffective assistance of counsel issues raised by Carter in his § 2255 motion are barred from this Court's review because they could have been, but were not, raised on direct appeal. Because Carter did not raise his claims on direct appeal, however, they are barred in this collateral proceeding, unless he can show cause and prejudice to overcome the procedural bar. A motion under § 2255 cannot be used as a substitute for appeal, Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998), and claims not raised on direct appeal that could have been are generally barred from review in § 2255 proceedings, McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). In Mills v. United States, 36 F.3d 1052 (11th Cir. 1994), the Eleventh Circuit succinctly summarized the law concerning procedural default as follows:

> Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a [Section] 2255 proceeding.... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.... When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for [Section] 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default....

Id. at 1055-56 (internal citations omitted). See also McCoy v. United States, 266 F.3d at 1258 ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. See, e.g., Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually innocent[.]' ").

Carter has made a partial attempt to overcome this rule of procedural default by arguing that his counsel had the burden of appealing the alleged abuse of district court discretion. Carter Motion, at 7, ¶ 4(b). However, the complete lack of factual support for this claim, as demonstrated below in Part III.B.3, renders this claim moot. Counsel is not obligated to raise frivolous issues on appeal. The Eleventh Circuit follows the Supreme Court's holding that the Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in

deciding not to raise those issues. Eagle v. Linahan, 279 F.3d 926, 940 (11th Cir. 2001). Thus, the frivolous claims of abuse of discretion do not help Carter avoid default on these issues. Therefore, his claims should be dismissed on procedural grounds.

**B.    Carter's Substantive Legal Claims Are Without Merit.**

Even if this Court does not apply the procedural bars to Carter's claims asserted above, his substantive legal claims are without merit and may be dismissed without a hearing. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." Stephens v. United States, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir.1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief.... Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." Potts v. Zant, 638 F.2d 727, 751 (5th Cir. 1981)(citations omitted).[1] Because Carter's motion and the record offer no factual basis or proof – and certainly no corroboration of his claims – they should be dismissed.

**1. This Court had proper jurisdiction to render judgment and impose sentence in Carter's case.**

Carter claims that this Court was without jurisdiction to render judgment or impose sentence in his case. The factual basis for his claim seems to be that he was first charged with violating 18 U.S.C. § 922(g)(1) in a criminal complaint filed on February 20, 2003. (Doc. #1.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

Carter also states that the complaint was frivolous, and that he did not see it until after his conviction. He was subsequently indicted by a grand jury sitting in the Middle District of Alabama on February 27, 2003. Exhibit A. He argues that his prosecution by indictment denied him equal protection and due process of law, as it did not properly charge a violation of federal law.

The Federal Rules of Criminal Procedure require that the United States prosecute by an indictment for any offense punishable for more than one year. See Fed.R.Crim.P. 7(a)(1)(B). In this case, Carter was aware that his offense was punishable by up to ten years in prison. Exhibit B, at 1. The indictment against Carter effectively superseded the criminal complaint. He stated under oath during his guilty plea hearing that he had received and read a copy of the indictment against him. Exhibit C, at 2, 4. Carter's statements in the record belie his claim that he was denied due process, or that this Court was without jurisdiction to render judgment or impose sentence. Accordingly, this issue must be dismissed.

**2. Prosecutorial misconduct did not occur because Carter was properly charged with violating 18 U.S.C. § 922(g)(1), and this Court had jurisdiction to hear the case.**

Carter rephrased his claim that he was deprived of due process as a claim of prosecutorial misconduct. As discussed above, he was properly charged by indictment on February 27, 2003. Exhibit A. He was aware of the allegations in this indictment when he entered a guilty plea. Exhibit C, at 4. This claim is clearly refuted by the record and must be dismissed.

**3. The Court did not abuse its discretion during sentencing.**

Carter claims that this Court abused its discretion by making a factual finding that the firearm was stolen and that a two-point increase in his offense level was appropriate. Exhibit D

at 9.  He also claims that this Court abused its discretion when, after his dismissal of Van Heest as counsel at sentencing, it instructed Van Heest to assist him if the need for legal expertise arose.  Id. at 5, 10.  Van Heest clearly respected Carter's choice, and even convinced the Court that his own dismissal was permissible if Carter insisted upon doing so.  Id. at 10.  However, Carter has not shown how either action was an abuse of discretion, or how they affected his sentence.  The factual finding was supported by the presentence investigation report, and did not impact his sentence, as 57 months was the length of imprisonment contemplated when he entered his guilty plea.  Further, Carter cannot show that Van Heest's mere presence after his dismissal had any negative impact on the sentencing proceedings.  Therefore, this final legal claim that this Court abused its discretion is frivolous and must be dismissed.

**C.    Carter's Ineffective Assistance of Counsel Claims Should Be Rejected Because They Have No Merit.**

Carter asserts that his counsel provided ineffective assistance by failing to raise any objections regarding his actual innocence of violating 18 U.S.C. § 924(c)(1) and the establishment of each element of 18 U.S.C. § 922(g)(1).  To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case.  Strickland v. Washington, 466 U.S. 668, 694 (1984); see also, Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland v. Washington standard for reviewing ineffective assistance of counsel claims); Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of Strickland v. Washington).  More specifically, Carter must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged

errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of Strickland, this Court must presume that the conduct of counsel was reasonable, Yordan v. Dugger, 909 F.2d at 477. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United States, 233 F.3d 1298, 1303-04 (11th Cir. 2000) (footnotes omitted). The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> . . . Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that no competent counsel would have taken the action that his counsel did take....

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high," noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. Robinson v.

Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson v. Moore, 300 F.3d at 1343. In raising ineffective assistance of counsel, Carter has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. In this case especially, Carter cannot show any prejudice from any action of counsel's, as the record shows, and the Eleventh Circuit noted, that he was sentenced to the exact term of imprisonment that he bargained for during his plea negotiations. Exhibit E, at 3-4. For these reasons, his § 2255 motion should be summarily dismissed. The United States responds to Carter's specific ineffective assistance of counsel claims as follows:

**1. Trial counsel was not ineffective, as the record shows that he discussed the plea agreement with Carter.**

Carter asserts that his counsel was ineffective for failing to discuss his plea agreement with him. Although the record shows that his guilty plea hearing was adjourned so that Carter could discuss the agreement with counsel, Van Heest's affidavit avers that he had, in fact, done so prior to the hearing. Exhibit C, at 4-5, see also Exhibit F, Affidavit of Joseph Van Heest, at 2. Again, Carter's claim is plainly contradicted by the record and must be dismissed.

> **2. Trial counsel was not ineffective for failing to object to the finding in the presentence investigation report that the firearm was stolen.**

Carter asserts that his counsel was ineffective for failing to object to the finding by the U.S. Probation Office that the firearm in his possess was stolen. Again, Van Heest's affidavit shows that Carter did not provide adequate information about where he obtained the firearm, and he could not contest this finding. Exhibit F, at 3.

> **3. Trial counsel was not ineffective because Carter had access to his presentence investigation report.**

Carter makes a vague claim that he was denied access to a "presentence" after requesting to have one. Van Heest correctly notes that the U.S. Probation Office would have provided Carter with a copy of his presentence investigation report. In an earnest attempt to respond to Carter's claim on this issue, Van Heest avers that he requested a hearing, prior to sentencing, when Carter first filed a motion to dismiss him as counsel. (Doc. #38.) See also Exhibit F, at 4. On June 18, 2003, this Court conducted a hearing on Carter's motion. During the hearing, Carter withdrew the motion and the Court entered an oral order denying the motion as moot.

> **4. Trial counsel was not ineffective because he did not inform Carter that he would complete his federal sentence prior to his imprisonment on pending state charges.**

Carter claims that Van Heest provided ineffective assistance for falsely informing him that he would serve his federal sentence first, and that this understanding induced him to plead guilty. Van Heest disputes that he made such a guarantee to Carter. Exhibit F, at 4-5. The record shows that Carter was on parole from state imprisonment when he was arrested for illegal possession of a firearm, and that revocation proceedings had been initiated. See Exhibit G, a transcript of March 24, 2003 arraignment hearing, at 3. Thus, Carter knew when he made his

plea agreement with the United States that he was obligated to complete the term of imprisonment for which parole had been revoked.  Further, Carter made no claim of this understanding at sentencing, despite having shown a willingness to raise objection to every facet of his sentencing with which he disagreed.  Exhibit D, at 5, 7, 8-10, 12.  This claim appears to be fabricated for purposes of escaping his plea agreement, and should be dismissed.

Because none of Carter's ineffective assistance claims have any merit, and cannot afford him any relief, they should be dismissed.

## IV.  CONCLUSION

For the above reasons, Defendant/Movant Albert Carter has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 24th of August, 2005.

                Respectfully submitted,

                LEURA GARRETT CANARY
                UNITED STATES ATTORNEY


                /s/ James B. Perrine
                JAMES B. PERRINE
                Assistant United States Attorney
                Post Office Box 197
                Montgomery, Alabama 36101-0197
                (334) 223-7280
                (334) 223-7135 fax
                james.perrine@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | CASE NO. 2:05cv654-F |
| ) | (Cr. No. 03cr61-N) |
| ALBERT CARTER, JR. ) | |
| ) | |
| Defendant/Movant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Albert Carter, St. Clair Correctional Facility, 1000 St. Clair Road, Springville, AL 35146.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ James B. Perrine
JAMES B. PERRINE
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
james.perrine@usdoj.gov