1                IN THE UNITED STATES DISTRICT COURT FOR

2                   THE MIDDLE DISTRICT OF ALABAMA

3                        NORTHERN DIVISION

4

5

6   UNITED STATES OF AMERICA

7

8        Vs.                        CR. NO. 03-61-N

9

10  ALBERT CARTER

11

12

13            *    *    *    *    *    *    *    *

14                 CHANGE OF PLEA HEARING

15            *    *    *    *    *    *    *    *

16            Before Hon. Vanzetta Penn McPherson,

17            Magistrate Judge, at Montgomery, Alabama,

18            Commencing on April 30, 2003

19            *    *    *    *    *    *    *    *

20

21

22  APPEARANCES: For the Government: James B. Perrine

23                                   Assistant U.S. Attorney

24            For the Defendant:   Joseph P. Van Heest,

25                                 Federal Defender

1          (The above case coming on for hearing at Montgomery,
2     Alabama, April 30, 2003, before Honorable Vanzetta Penn
3     McPherson, Magistrate Judge, the following proceedings were
4     had:)

5          THE COURT:  United States versus Albert Carter.

6          MR. VAN HEEST:  Your Honor, if we may have one
7     moment to have him sign the consent form, so I can explain it
8     to him briefly and he can sign that.

9          THE COURT:  Yes.

10          (pause)

11          THE CLERK:  Raise your right hand. You do solemnly
12     swear or affirm that the testimony you give in this cause to
13     be the truth, the whole truth, and nothing but the truth, so
14     help you God.

15          THE DEFENDANT:  I do.

16          THE COURT:  The Defendant has executed his consent
17     to enter his plea before a United States Magistrate Judge and
18     the parties have tendered to the Court a plea agreement
19     pursuant to Rule 11(c)(1)(C), which has been signed by the
20     attorneys and by the Defendant. The Defendant was indicted on
21     27 February, 2003, one count with a forfeiture allegation. He
22     was indicted on possession of a firearm having been convicted
23     of a felony in the Circuit Court of Tuscaloosa County. The
24     date of the alleged criminal offense is 19 February, 2003 in
25     Troy, Alabama. The Defendant pleads guilty this morning to

1   count one, and will concede the forfeiture allegation. Mr.

2   Carter, do you understand the nature of these proceedings?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Is it your intent to enter a plea of

5   guilty today to the charge in the indictment?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  What is your full name?

8          THE DEFENDANT:  Albert Carter, Junior.

9          THE COURT:  How old are you?

10          THE DEFENDANT:  50.

11          THE COURT:  How far did you go in school?

12          THE DEFENDANT:  8th grade.

13          THE COURT:  Do you have a GED?

14          THE DEFENDANT:  No. No, Your Honor.

15          THE COURT:  Have you worked during your lifetime?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  And have you assumed responsibility for

18   your own financial affairs?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Do you own a home?

21          THE DEFENDANT:  Well, me and my wife, we was paying

22   the mortgage on one.

23          THE COURT:  All right. Are you currently under the

24   influence of any drug, medication or alcoholic beverage?

25          THE DEFENDANT:  No, Your Honor.

1       THE COURT:  Have you ever been confined in any

2   institution for mental illness or addiction to narcotic drugs

3   of any kind?

4       THE DEFENDANT:  No, Your Honor.

5       THE COURT:  Have you received and read a copy of the

6   indictment pending against you, that is, the written charge?

7       THE DEFENDANT:  Yes, Your Honor.

8       THE COURT:  Have you discussed the charge with Mr.

9   Van Heest?

10      THE DEFENDANT:  Yes, Your Honor.

11      THE COURT:  And do you understand the charge?

12      THE DEFENDANT:  Yes, Your Honor.

13      THE COURT:  Do you fully understand the maximum

14  penalty that can be imposed upon you?

15      THE DEFENDANT:  Yes, Your Honor.

16      THE COURT:  Are you fully satisfied with the

17  counsel, representation and advice given to you in this case

18  by your attorney, Mr. Van Heest?

19      THE DEFENDANT:  Yes, Your Honor.

20      THE COURT:  Is your willingness to plead guilty in

21  this case the result of discussions that you have had with

22  Mr. Van Heest and the discussions that Mr. Van Heest has had

23  with Mr. Perrine, the government's lawyer?

24      THE DEFENDANT:  Yes, Your Honor.

25      THE COURT:  Have you had an opportunity to read and

1  review the plea agreement in this case before you signed it?

2          THE DEFENDANT:  No, Your Honor. We just discussed

3  it, I ain't read it today yet.

4          THE COURT:  You have not read it?

5          THE DEFENDANT:  Not yet.

6          MR. VAN HEEST:  You have never read this?

7          THE COURT:  Let's adjourn and let you read it. Take

8  Mr. Carter back to the cell block here on this floor, let him

9  read it and we will call the next case.

10          (At which time other matters were heard by the

11  Court, after which, the following occurred:)

12          THE COURT:  Mr. Carter is ready?

13          MR. VAN HEEST:  Yes, Your Honor.

14          MR. PERRINE:  Your Honor, do you have the original

15  plea agreement?

16          MR. VAN HEEST:  I believe you do, yes.

17          THE COURT:  Yes. Do you need it?

18          MR. VAN HEEST:  No, Your Honor. I was just trying to

19  keep track and make sure it was signed and before the Court.

20          THE COURT:  Mr. Carter, you were previously before

21  the Court, the Court asked you if you had read the plea

22  agreement, you indicated that you had not. The Court took a

23  break to allow you to do that. Have you now read the plea

24  agreement?

25          THE DEFENDANT:  Yes, Your Honor.

6

1        THE COURT:  Do you understand its terms?

2        THE DEFENDANT:  Yes, Your Honor.

3        THE COURT:  Is it any different at all from the

4    discussions that you had with Mr. Van Heest?

5        THE DEFENDANT:  It is just one thing I just want to

6    get clarified.

7        THE COURT:  Please ask.

8        THE DEFENDANT:  That if the Court don't go along

9    with the 57 months, and they want to enhance it, will I still

10   have my right to withdraw my plea?

11       THE COURT:  Absolutely.

12       THE DEFENDANT:  That's all I wanted to know then.

13       THE COURT:  This is a plea being entered into by

14   Rule 11(c)(1)(C), it permits you to enter a plea on the

15   recommendation that you and the government have agreed to. It

16   does not bind the Court, the Court still has the discretion

17   to sentence you to that sentence, a lower sentence or a

18   higher sentence. You get to withdraw your plea under these

19   circumstances only if the Court sentences you to a higher

20   sentence. It doesn't mean you get to withdraw your plea if

21   the Court changes because the Court may change and go down,

22   in which case you don't get to withdraw; do you understand

23   that?

24       THE DEFENDANT:  Yes, Your Honor.

25       THE COURT:  You get to withdraw it if the Court

1    exceeds the sentence or goes beyond the sentence that is
2    agreed to in the plea agreement; do you fully understand
3    that?
4              THE DEFENDANT:  Yes, Your Honor.
5              THE COURT:  Do you have any other questions about
6    the plea agreement?
7              THE DEFENDANT:  No, Your Honor.
8              THE COURT:  Please feel free to ask if you do.
9              THE DEFENDANT:  I ain't got no more questions.
10             THE COURT:  All right. Other than what is in the
11   plea agreement has anyone made any promises or assurances of
12   any kind to you to induce you to plead guilty?
13             THE DEFENDANT:  No, Your Honor.
14             THE COURT:  Has anyone said or done anything that
15   forces you to plead guilty?
16             THE DEFENDANT:  No, Your Honor.
17             THE COURT:  I have already indicated to you that the
18   plea agreement is merely a recommendation to the Court; do
19   you understand that?
20             THE DEFENDANT:  Yes, Your Honor.
21             THE COURT:  Do you understand that the offense to
22   which you are pleading guilty is a felony offense?
23             THE DEFENDANT:  Yes, Your Honor.
24             THE COURT:  And if your plea is accepted and you are
25   adjudged guilty of that offense you may be deprived of

1    certain valuable civil rights, including the right to vote,

2    the right to hold public office, the right to sit on a jury

3    and the right to possess a firearm.

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Do you understand that if you are found

6    guilty it may be illegal even to possess a firearm?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Do you understand that parole has been

9    abolished in the federal system and that if you are sentenced

10   to serve a specific term in prison you will serve that entire

11   term and not be released on parole?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Do you understand that if you serve the

14   entire time and are released on supervised release and

15   violate the terms of your supervised release you could be

16   returned to prison to serve longer than what is agreed to in

17   the plea agreement without that violating your plea

18   agreement?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Are you sure you understand that part?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  All right. Do you understand how the

23   sentencing guidelines may affect you or might apply to your

24   case?

25             THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  The plea agreement contains a
2    recommendation for a specific sentence of 57 months, three
3    months shy of five years; do you understand that?

4    THE DEFENDANT:  Yes, Your Honor.

5    THE COURT:  And when I said that parole is abolished
6    I mean if you are sentenced to 57 months that's how long you
7    will serve; do you understand that?

8    THE DEFENDANT:  Yes, Your Honor.

9    THE COURT:  Have I discussed with you the -- your
10   waiver of your right to appeal?

11   THE DEFENDANT:  No, you hadn't gotten to that part.

12   THE COURT:  Let's talk about that. Do you understand
13   that ordinarily you would have the right to appeal the
14   sentence in this Court to the Court of Appeals for the 11th
15   Circuit?

16   THE DEFENDANT:  Yes, Your Honor.

17   THE COURT:  Do you understand that by signing this
18   plea agreement you waive or give up your right to appeal the
19   sentence?

20   THE DEFENDANT:  Yes, Your Honor.

21   THE COURT:  Do you understand that you also waive or
22   give up your right to challenge the sentence except on two
23   grounds, either that your lawyer, Mr. Van Heest, did not
24   effectively assist you or the prosecutor for the government
25   engaged in misconduct, do you understand that those are the

```
1    only two grounds upon which you can appeal the sentence?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Do you understand what that means?

4              THE DEFENDANT:  Yes, I understand about the appeal.

5              THE COURT:  All right. Do you understand, Mr.

6    Carter, that you have a continuing right to plead not guilty?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  That no one can force you to plead

9    guilty?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  That if you elected to go to trial you

12   would be presumed innocent?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  And that the government would have the

15   burden of proving your guilt beyond a reasonable doubt?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Do you further understand that at a

18   trial you would have the following constitutional rights,

19   namely, the right to the assistance of counsel for your

20   defense?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  The right to see and hear all of the

23   witnesses and have them cross-examined in your defense?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  The right to testify on your own behalf
```

1    or to decline to testify, if you chose not to do so, without

2    having that used against you?

3         THE DEFENDANT:  Yes, Your Honor.

4         THE COURT:  And the right to the issuance of

5    subpoenas to compel the attendance of witnesses to testify

6    for you?

7         THE DEFENDANT:  Yes, Your Honor.

8         THE COURT:  Do you understand that if you enter a

9    plea of guilty that is accepted by this Court you waive or

10   give up your right to a trial and all of the other

11   constitutional rights that I have explained to you?

12        THE DEFENDANT:  Yes, Your Honor.

13        THE COURT:  Do you further understand that if your

14   plea of guilty is accepted there will be no trial?

15        THE DEFENDANT:  Yes, Your Honor.

16        THE COURT:  Do you understand that following this

17   proceeding if your plea of guilty is accepted that the

18   probation officer will prepare a presentence investigation

19   report?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  That you will be expected to cooperate

22   by providing information and answers to their questions for

23   presentation to the Judge?

24        THE DEFENDANT:  Yes, Your Honor.

25        THE COURT:  Having stated that you understand your

1  constitutional rights, the nature of the charges against you

2  and the maximum penalty that can be imposed against you, Mr.

3  Carter, how do you plead?

4           THE DEFENDANT:  I plead guilty to the charge.

5           THE COURT:  Tell the Court what you did.

6           MR. VAN HEEST:  Judge, would it be easier to do a Q

7  and A or would you rather he just tell you what he did with

8  regard to these elements?

9           THE COURT:  I will let Mr. Carter tell me what he

10  did.

11           MR. VAN HEEST:  Your Honor, if I may just discuss

12  the matter very briefly with him?

13           THE COURT:  Yes.

14           (At which time an off-the-record discussion was had

15  between the Defendant and counsel.)

16           THE COURT:  What did you do, Mr. Carter?

17           THE DEFENDANT:  Well, I was caught with a gun in

18  Pike County, and I had previously been convicted of attempted

19  murder, I was on parole.

20           THE COURT:  When was that?

21           THE DEFENDANT:  February 19th.

22           THE COURT:  20003?

23           THE DEFENDANT:  2003.

24           THE COURT:  And this happened in Troy, Alabama?

25           THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Did you have the gun?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  What was it?

4          THE DEFENDANT:  A .22 revolver.

5          THE COURT:  Satisfied, Mr. Perrine?

6          MR. PERRINE:  Your Honor, the -- Mr. Carter, was the

7     firearm the same one that was charged in the indictment?

8          THE DEFENDANT:  Yes, sir.

9          MR. VAN HEEST:  We would stipulate.

10         MR. PERRINE:  Stipulate to the interstate nexus?

11         MR. VAN HEEST:  Stipulate that it moved in

12    interstate commerce.

13         MR. PERRINE:  And you knew you were in possession of

14    the gun?

15         THE DEFENDANT:  Yes, sir.

16         MR. PERRINE:  Satisfied, Your Honor.

17         THE COURT:  It is the finding of the Court in the

18    case of United States versus Albert Carter that the Defendant

19    is fully competent and capable of entering an informed plea,

20    that the Defendant is aware of the nature of the charges and

21    the consequences of the plea, and that the plea of guilty is

22    a knowing and voluntary plea containing each of the essential

23    elements of the offense, and supported by an independent

24    basis in fact. The Court will therefore recommend that the

25    plea be accepted and that the Defendant be adjudged guilty of

1   the offense. Sentencing in this case is set for 5 August,

2   2003, until that time the Defendant is remanded to the

3   custody of the marshal.

4          MR. PERRINE:  One further thing, just the consent to

5   forfeiture of the firearm.

6          THE COURT:  Yes, thank you. The plea agreement does

7   contemplate that the Defendant will consent to the forfeiture

8   of the firearm. Mr. Carter, do you understand that as part of

9   your plea agreement you have agreed that the government may

10  take full possession, ownership and control over that

11  firearm?

12          THE DEFENDANT:  Yes, Your honor.

13          THE COURT:  And that you relinquish all of your

14  right to possess or assert title to or ownership over the

15  firearm?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Thank you.

18          MR. PERRINE:  Thank you, Your Honor.

19                  *    *    *    *    *

20          I certify that the foregoing is a correct transcript

21  from the record of proceedings in the above-entitled matter.

22  This the 8th day of July, 2003.

23

24                              Official Court Reporter

25