IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

UNITED STATES OF AMERICA

Vs.                    CR. NO. 03-61-N

ALBERT CARTER

\* \* \* \* \* \* \* \*

SENTENCE HEARING

\* \* \* \* \* \* \* \*

Before Hon. Mark E. Fuller, Judge,

at Montgomery, Alabama, August 7, 2003

\* \* \* \* \* \* \* \*

APPEARANCES: For the Government: J.B. PERRINE

Assistant U.S. Attorney

For the Defendant: Joseph P. Van Heest,

Federal Defender

1          (The above case coming on for hearing at Montgomery,
2   Alabama, August 7, 2003, before Honorable Mark E. Fuller,
3   Judge, the following proceedings were had:)
4          THE COURT:  Next call the case of United States of
5   America versus Albert Carter.
6          MR. VAN HEEST:  Your Honor --
7          THE COURT:  Who is here for the government on this
8   case?
9          MR. PERRINE:  I am here for the United States, Your
10  Honor.
11         MR. VAN HEEST:  Judge, can we approach for just a
12  moment?
13         (At which time the following occurred at side-bar:)
14         MR. VAN HEEST:  Your Honor, this is unusual but he
15  has indicated he wants to go forward under the terms of his
16  plea but he does not want me to represent him today.  I am
17  not sure where that leaves us but we have been through this
18  before on the record and he was okay with it.  As of today he
19  says he does not want me to represent him. So --
20         THE COURT:  Why don't we get Mr. Carter -- I hate to
21  inconvenience you, why don't we get Mr. Carter to sit back in
22  that holding cell until we can take the other sentences and
23  then we will go forward with any of the pleas we are going to
24  have.  I know that you had something else you needed to do
25  this morning.

```
 1              MR. PERRINE:  Your Honor, I just have to go to
 2   Valley, Alabama to interview witnesses for trial, but I can
 3   hang around.
 4              MR. VAN HEEST:  I have most of the cases as you know
 5   set for sentencing, and there aren't any issues I don't think
 6   in any of them so we should be able to move along.
 7              (At which time the following occurred in open
 8   court:)
 9              THE COURT:  We are going to move forward with the
10   case of United States of America versus Ralph McNear. I know,
11   Mr. Van Heest, you may need to discuss some things with Mr.
12   Carter, so if you would take the time and make sure you
13   discuss the things with him before he is taken back outside
14   of the courtroom.
15              (At which time a recess was had until 11:15 a.m., at
16   which time the hearing continued.)
17              THE COURT:  Call the case of United States of
18   America versus Albert Carter. Mr. Carter, if you will
19   approach the podium.
20              MR. VAN HEEST:  Your Honor, for the record, Joseph
21   Van Heest for Mr. Carter. Mr. Carter has informed me that he
22   would like to terminate my services.  He is appointed -- or I
23   have been appointed to represent him, and the Court may want
24   to address that before sentencing Mr. Carter.
25              THE COURT:  What are the grounds that you would like
```

1  Mr. Van Heest's representation of you terminated, Mr.
2  Carter?
3           THE DEFENDANT:  First of all, Your Honor, Mr. Van
4  Heest waived all of my rights. I objected to the -- some of
5  the factual errors in my presentence investigation report and
6  I also told Mr. Van Heest I objected to those. He chose to
7  recommend no change.  And then when we get into court he was
8  telling me about the probation office recommending a -- the
9  high end of the plea bargain I agreed to.
10          THE COURT:  Mr. Carter, I have not placed you under
11 oath because I want to hear from you on your own behalf as to
12 any reasons why you would not be happy with Mr. Van Heest's
13 representation of you. Let me just say before we move forward
14 with the sentencing in this case that the Court is aware of a
15 binding plea agreement being entered between the United
16 States and yourself pursuant to Rule 11(c)(1)(C).
17          THE DEFENDANT:  Yes, sir, Your Honor.
18          THE COURT:  In which a specific term of 57 months
19 was agreed to. And without any other facts being presented to
20 the Court at this time, I am not inclined to deviate in that
21 agreement and would be inclined to sentence you in accordance
22 with the agreement that has been made between yourself and
23 the United States of America in this case.
24          THE DEFENDANT:  Your Honor, I --
25          THE COURT:  I will give you an option -- one other

1  option, if you are not happy with the terms of that
2  agreement, and that would be to withdraw your plea of guilty
3  and to have a trial by jury beginning Monday. Those are your
4  options.
5           THE DEFENDANT: Your Honor, I do not have a problem
6  with the plea agreement. The problem I have was with Mr. Van
7  Heest representing me. I do not wish for him to represent me.
8  I accept the terms of the plea agreement, but I do not accept
9  Mr. Van Heest representing me.
10          THE COURT: I haven't heard anything that would show
11 the Court that under the facts as you have described them
12 that there is any requirement that Mr. Van Heest be replaced
13 in representing you. You have a right to be represented by an
14 attorney under Gideon versus Wainwright and the prodigy of
15 cases afterwards, based upon your constitutional rights in
16 this country, but you don't have a right to choose who will
17 represent you.
18          THE DEFENDANT: I'm not choosing, Your Honor. On
19 June 28th we had a hearing, I requested one thing, that I
20 have my collateral attack to my prior conviction, which do
21 not have nothing to do with me pleading guilty to this gun
22 charge. The honorable district attorney that day he
23 recommended that they amend that plea agreement, Mr. Van
24 Heest objected to it.
25          MR. VAN HEEST: Your Honor, as I recall that hearing

```
 1  was before this Court, and I think that this Court explained
 2  to him on the record that the collateral -- the 11(c)(1)(C)
 3  agreement did not -- while he waives collateral attack for
 4  this charge, it does not have any effects on the prior charge
 5  he was concerned about. It wasn't that I objected to a change
 6  in the language, it was -- I believe I informed the Court and
 7  I think the Court informed Mr. Carter it was unnecessary to
 8  make such a change.
 9          THE COURT: Right.
10          MR. PERRINE: For the United States, just being a
11  party to the agreement, would agree with the representation
12  under this plea agreement, it in no way restricts the
13  Defendant's right to collaterally attack the underlying
14  felony conviction.
15          THE COURT: Your rights to collaterally attack any
16  sentence like has been represented and appears to concern
17  you, Mr. Carter, would still be available to you regardless
18  of the agreement that has been made in this case and would be
19  available through --
20          THE DEFENDANT: And also, Your Honor, getting back
21  to the presentence investigation report, they gave me two
22  points for stolen gun, which I did not steal the gun. And
23  Mr. Van Heest filed a motion to suppress the officer's
24  statement, and wanted to suppress the statement, and then
25  they turned around and gave me two points for what that
```

```
 1   officer said. I got a problem with that too. And he recommend
 2   no change in that. If nothing else, I prefer to get the two
 3   points back even though that would move me up the chart, but
 4   the back end of that plea agreement would have still been 57
 5   months.
 6           THE COURT:  Is there anything else, Mr. Carter?
 7           THE DEFENDANT:  No, Your Honor.
 8           MR. VAN HEEST:  Your Honor, for the record I would
 9   ask the Court to construe Mr. Carter's statements to the
10   Court as objections to the presentence report so that his
11   record is, in fact, protected to the extent he may want to
12   challenge for ineffective assistance of counsel for any
13   reason, although I do not believe I have been ineffective in
14   this case.
15           THE COURT:  Without commenting, the comments or the
16   statements that have been made by Mr. Carter will be
17   construed as objections to the presentence report. Do you
18   have any additional testimony or evidence that you wish to
19   present in reference to the objections that you have made as
20   to your ability to collaterally attack a prior sentence which
21   was my understanding of the first objection that you have
22   made?
23           THE DEFENDANT:  Yeah, other than that, you know,
24   back when I was sentenced in 1983, Judge had prosecuted me in
25   1973. He was a disqualified Judge.
```

8

1  THE COURT: Again, that would be a collateral attack
2  of the state conviction, not of the conviction that you have
3  received in this case, and you will not be waiving your right
4  to collaterally attack that.
5  THE DEFENDANT: I am not going to -- the Court said
6  in that general hearing that I had my rights to collaterally
7  attack. If I overturned that conviction then I can come back
8  on a downward departure. I accept those terms. I have no
9  problem with this sentence, the only problem I have is the
10 way Mr. Van Heest handled my case. I haven't talked to him
11 since that date other than on the telephone. I asked him to
12 get me that transcript of that hearing, he give me a
13 transcript of a hearing on the plea bargain.
14 THE COURT: The Court finds that your objection to
15 collaterally attack any prior sentence that you have received
16 in the state court or any other court before today's date
17 which have been included in the presentence report in the
18 calculations under the guidelines in this case are reserved
19 and you have the right to collaterally attack those
20 convictions.
21 THE DEFENDANT: Thank you, Your Honor.
22 THE COURT: Under whatever means available to you.
23 THE DEFENDANT: I am going to attack it in a habeas
24 corpus.
25 THE COURT: In a habeas petition. The second

```
 1  objection that I'm aware of from the statements you have made
 2  is the two point increase for use or possession of a stolen
 3  firearm as set forth in paragraph 11. Is there anything else
 4  that you wish to add to your objection in that regard?
 5          THE DEFENDANT:  No, Your Honor, that's it.
 6          THE COURT:  The Court finds specifically that the
 7  firearm that you had in this case was indicated stolen.
 8          THE DEFENDANT:  The officer said that.
 9          THE COURT:  Finding of fact -- there's only one of
10  us going to speak at a time, Mr. Carter, and that's going to
11  be me. Findings of fact are that the firearm was stolen, and
12  the two point increase will be used in calculating your
13  sentence. The objections and the findings of fact as have
14  been made by the Court, the Court finds that the offense
15  level is 23, and the criminal history category is III. The
16  guideline range is from 57 to 71 months.  The supervised
17  release period is from two years to three years, and the fine
18  range is from ten thousand to one hundred thousand dollars.
19  Mr. Carter, do you, or Mr. Van Heest, do you have anything on
20  Mr. Carter's behalf to say in mitigation or otherwise before
21  the Court pronounces sentence in this case? Other than what
22  has been said.
23          MR. VAN HEEST:  Your Honor, on behalf of Mr. Carter,
24  I don't have anything further to say. I don't know if he has
25  anything to say.
```

1      THE COURT: Do you have anything else to say, Mr.
2  Carter?
3      THE DEFENDANT: Other than I don't want him to
4  represent me.
5      THE COURT: Your request for Mr. Van Heest's removal
6  in representing you in this case is denied.
7      MR. VAN HEEST: Your Honor, pursuant to I think it's
8  Foretta versus California, he probably does have the right to
9  proceed by himself for the rest of this hearing, with me
10 being standby counsel. I don't know how the Court wants to
11 handle that but I believe he has a right to terminate me and
12 represent himself.
13     THE COURT: Do you wish to represent yourself?
14     THE DEFENDANT: I do not wish for him to represent
15 me, period.
16     THE COURT: Do you wish to represent yourself?
17     THE DEFENDANT: I will represent myself.
18     THE COURT: I will allow you to represent yourself
19 and ask Mr. Van Heest to be available for any questions that
20 you may have as we proceed forward with this sentencing. The
21 sentence will now be stated, but you will have a final chance
22 to make legal objections before the sentence is imposed.
23     Pursuant to the Sentencing Reform Act of 1984, it is
24 the judgement of the Court that you are hereby committed to
25 the custody of the Federal Bureau of Prisons to be imprisoned

1  for a total term of 57 months. The reasons that that length
2  of sentence has been imposed in this case with your criminal
3  history, Mr. Carter, is based upon the plea agreement that
4  you have entered with the United States of America in this
5  case as has been negotiated by your former attorney, Mr. Van
6  Heest, and the United States of America. The Court recommends
7  that you be designated to a facility where anger management
8  counseling is available. The sentence shall run consecutively
9  to the state sentence you are now serving. You shall pay to
10 the United States District Court Clerk a special assessment
11 fee of one hundred dollars, which is due immediately. Based
12 upon your inability to pay the Court waives imposition of a
13 fine.
14       Upon release from imprisonment you shall be placed
15 on supervised release for a term of three years. Within 72
16 hours of release from custody you shall report to the
17 probation office in the District to which you are released.
18 While on supervised release you shall comply with the
19 mandatory and standard conditions of supervised release on
20 file with this Court. The Court also orders the following
21 special conditions: You shall participate in drug testing
22 and/or treatment if directed by the probation officer. You
23 shall contribute to the cost of any treatment based upon your
24 ability to pay and the availability of third-party payments.
25 You shall submit to a search of your person, residence,

1  office or vehicle pursuant to the search policy of this
2  Court. The Court finds that there is no identifiable victim
3  who incurred a financial loss as a result of this offense.
4           Are there any objections to the sentence or to the
5  manner in which the Court pronounced it? For example, do you
6  have any objections to the Court's ultimate findings of fact
7  or conclusions of law? If you fail to state any such
8  objections at this point you run the risk of being unable to
9  raise any objections on appeal.
10          THE DEFENDANT: Yes, Your Honor, I object to the
11 bringing -- the consecutive to the state sentence, because
12 that's an expired sentence.
13          THE COURT: The motion is denied. I understand that
14 there is also a written motion for a downward departure for
15 acceptance of responsibility filed on behalf of the United
16 States of America in this case, and for the record, Mr.
17 Perrine, the Court will grant the written motion and has
18 considered the third point reduction for acceptance of
19 responsibility in this case and calculated the sentence Mr.
20 Carter is receiving. Mr. Carter, the sentence is ordered
21 imposed as stated. Because you have waived your rights to
22 appeal in this case other than the statutory rights that are
23 available to you, I will only say this, to the extent that
24 you have any appeal rights available to you at this point, if
25 you can not afford the cost of an appeal, you have the right

1   to apply for leave to appeal in forma pauperis.  Do you
2   understand your appeal rights?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  Anything on behalf of the United States?
5           MR. PERRINE:  Yes, sir, Your Honor.  Just in
6   addition to the oral pronouncement of sentence the motion for
7   forfeiture, and it's the agreement of the Defendant that he
8   will give up any rights to the firearm contained in the
9   indictment.
10          THE COURT:  Do you understand that, Mr. Carter?
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  That order will be made part of the
13  sentencing in this case. Anything else Mr. Perrine?
14          MR. PERRINE:  Nothing from the United States.
15          THE COURT:  Anything else, Mr. Carter?
16          THE DEFENDANT:  I wish to appeal.
17          THE COURT:  To the extent that you have the appeal
18  rights available I will allow you to file your notices of
19  appeal that are statutorily granted but have not been waived
20  in this case. Mr. Van Heest will be relieved from
21  representing you as he was during the course of this
22  sentencing. Anything else?
23          THE DEFENDANT:  That's all.
24          THE COURT:  You are remanded back to the custody of
25  the United States Marshals, and you are dismissed.

1  MR. VAN HEEST: Your Honor, because our office
2  handles the appointment of panel attorneys would you like us
3  to seek a panel attorney to meet with him to discuss appeal?
4  THE COURT: Based upon Mr. Carter, who was
5  representing himself at the time that he made the
6  announcement of his desire to appeal, to the extent that he
7  has any appeal rights I would ask that you provide a panel
8  attorney that would be available to him after Mr. Carter has
9  filed the appropriate request for in forma pauperis status to
10 get an attorney appointed for him. I will appoint an attorney
11 to represent you to the extent that you have any appeal
12 rights and it will not be Mr. Van Heest.
13 THE DEFENDANT: Thank you, Your Honor.
14 THE COURT: For the record since he has already gone
15 through the in forma pauperis status he will certainly be
16 granted the right for a panel attorney to be appointed, and
17 if you can -- off the record.
18 (At which time an off-the-record discussion was
19 had.)
20 THE COURT: Okay. On the record. If you will see
21 that a panel attorney is provided to Mr. Carter and hopefully
22 they can see him before he is transported back to wherever he
23 is from the area. Thank you.
24 MR. VAN HEEST: I will do that, Your Honor, thank
25 you.

1    MR. PERRINE:  Thank you, Your Honor.

2    (At which time, 11:35 a.m., the hearing was

3 adjourned.)

4                * * * * *

5    I certify that the foregoing is a correct transcript

6 from the record of proceedings in the above-entitled matter.

7 This the 16th day of December, 2003.

                                    _____
                                    Official Court Reporter