Case 2:05-cv-00654-MEF-CSC   Document 7-6   Filed 08/24/2005   Page 1 of 5
Case 2:03-cr-00061-MEF   Document 72   Filed 04/11/2005   Page 1 of 5

03-0061
JBP

RECEIVED
'05 APR 11 P 3:52

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 08 2005
THOMAS K. KAHN
CLERK

No. 03-14381

D. C. Docket No. 03-00061-CR-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT CARTER,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

Before BARKETT, KRAVITCH and FARRIS*, Circuit Judges.

*Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Albert Carter appeals from his conviction and 57-month sentence of imprisonment for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The government has moved to dismiss the appeal, arguing that Carter has waived his right to appeal two of his three raised claims, and that the factual record is insufficient for the resolution of the third issue.

In April of 2003, Carter entered into a negotiated plea of guilty on one count of possession of a firearm by a felon. He signed a written plea agreement, in which the parties agreed to a specific sentence of 57 months' imprisonment, pursuant to Fed.R.Crim.P. 11(c)(1)(C). The agreement included an appeal waiver, which in relevant part provides that

> Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding; provided, however, that defendant does not waive his right to appeal on grounds of ineffective assistance of counsel or prosecutorial misconduct.
>
> Notwithstanding the above, Defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or § 5K2.0 (from offense level). Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

Plea Agreement, at 4.

The Probation Office subsequently conducted a presentence investigation and submitted its report (the "PSR") to counsel for the parties. The PSR's guideline calculations contemplated a two-level upward adjustment because the probation officer believed the gun in question had been stolen (based on the alleged statements made by Carter to the police officer, which had been suppressed). Neither the government nor Carter's appointed counsel, Joseph Peter Van Heest, made any pre-sentence objection to the contents of the report.

In late May of 2003, Appellant wrote a letter to the district court judge, requesting the appointment of new counsel. In June, the court conducted a hearing, at which Carter declared himself satisfied with both his representation and the contents of the plea agreement into which he had entered with the government.[1] When Carter's case was called for sentencing in August of 2003, he again objected to the representation of Mr. Van Heest. The trial court proceeded with the sentencing, allowing Carter to represent himself with Mr. Van Heest remaining as standby counsel. During that hearing, Carter represented to the district court that he did not steal the gun in question and that he objected to the two-point enhancement. He also objected to Mr. Van Heest's failure to object in writing to the enhancement. Carter was sentenced to 57 months' imprisonment in accordance

---

[1] At this hearing the court clarified that the terms of the plea agreement in the federal case would not prevent him from challenging his 1983 state court conviction.

3

with his plea agreement, to be served consecutively to his state sentence. Carter then objected to the trial court's order that his federal sentence be served consecutively to his current state sentence.

During the Rule 11 colloquy at the change of plea hearing, Carter was expressly questioned regarding the voluntariness of his guilty plea, as it related to possible appeals. Carter acknowledged that he understood that the plea agreement contained a waiver of his right to appeal except on the grounds of ineffective assistance of counsel and prosecutorial misconduct. Carter again expressed his acceptance of the plea agreement and understanding of its appeal waiver provisions at the sentencing hearing.

Because the record reflects that Carter understood the nature and extent of the appeal waiver and agreed to it, the sentence waiver was made knowingly and voluntarily. Accordingly, under the terms of this effective waiver, Carter gave up his right to appeal his sentence based on two of the three grounds asserted in this appeal – the sentencing enhancement based on the judge's factual findings and the imposition of consecutive instead of concurrent sentences. See United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). These grounds are encompassed by the waiver's language that "Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly

waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding."[2]

As to the third issue, the general rule is that "[w]e will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (citing United States v. Khoury, 901 F.2d 948, 969 (11th Cir. 1990)). We see no basis for an exception in this case. At this time, the record has been insufficiently developed through the adverserial process. The appropriate vehicle for this claim is through a 28 U.S.C. § 2255 motion to vacate.

Accordingly, the government's motion to dismiss the appeal is GRANTED.

---

[2]18 U.S.C. § 3742 provides, in relevant part:

(a) Appeal by a defendant.–A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence–
    (1) was imposed in violation of law;
    (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
    (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
    (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

A True Copy
Attested:
Clerk, U.S. Court of Appeals, Eleventh Circuit
By: _____
Deputy Clerk Atlanta, Ga