In The United States District Court
For the Middle District of Alabama
Northern District

Albert Carter, Jr.
    Defendant Mover

vs.

United States Of America
    Respondant,

Case NO. 2:05 cv 654-F
(Cr. NO. 03 cr 61-N

## Defendant Response To Court Order

Come Now Albert Carter. Jr. and Compliance with the Court order to show show cause To his Motion under 2255 to vacate, set aside, his Conviction.

1. Procedural History and relevnt facts.

On February 19, 2003 the defendant was arrested in Pike County, Troy Alabama for attempted Murder and Carrying a Concealed weapon. On February 20, 2003 a Complaint was filed in the United States district Court for the Middle district of Alabama, for possession of a firearm by a conviction felon in violation of 18 U.S.C. 922(g)(1) after have been Convicted of Solicitation-Murder.

On February 27, 2003 a grand jury for the Middle district of Alabama returned a single count indictment against the defendant.

The Court appointed Joseph P. Van Heest to repersent the defendant in this case, the defendant entered in to a plea agreement with the United States pursuant to Federal Crim. P. 11(c)(1)(C).

Counsel failed to Exercise reason diligence, in that the Complaint filed in this case stated say the defendant Solicitation of Murder in 1983. See defense Exhibit 1.

Counsel was ineffective as a matter of law for failing to object to the factual assertions, calculations, and adjustments in the presentence investigation report, the court erred in failing to require the government to prove its position by a preponderance of evidence upon defendant having objected timely to the presentence Investigation report in which two USSG guideline levels points were added to defendant base offense level. To demonstrate a technical transgression of rule 32(c)(3)(D) all that is necessary is that an allegation of a specific factual error in the presentence investigation was before the court. the sentencing judge didn't make either of the alternative findings U.S. v. Boatner 966 F.2d 1575, 1581 (11th Cir 1992) See United State V. O'neil 767 F.2d 782 (11th Cir. 1985). Upon a motion suppressed the alleged statement. See DOC 25

Accordingly, it is the recommendation of the Magistrate judge that Carter's motion to suppress be granted and that his statements made after he requested a lawyer be be excluded from the evidence in this case.

Neither the government nor the court even challenged defendant assertion at sentencing that "I did not steal the gun." (R-3-6) the Court was without any factual basis for its determination that the gun in this case was indicate Stolen R3-9 it is settled law that when, as here, a defendant challenges on of the factual basis of his sentence as set forth in the PSI. the government has the burden of establishing the disputed fact by a preponderance of evidence. United States V. Ismond. F.2d 1498, 1499 (11th Cir 1993) U.S v. Bernardine 73 F.3d 1078, 1080 (11th Cir 1996).

> The guidlines do not reduce distrid Court judge to mere automatons, passive compilers of ciphers, or credulous naifs who must accept as canon all that which is present to them regarding a defendant involvment in the crime charged or conduct relevant thereto..[T]he preponder-

2

ence of evidence standard...does not relieves the Sentencing Court of it duty of excising the Critical facts-finding function that has always been inherent in the sentencing process....[The Standard Signifies] a recognition of the fact that if the probation officer and the prosecutor believe the circumstances of the offense, the defendant's role in the offense or other pretinent aggravating circumstances, merit a a lengthier they must prepared to establish that pretinent information by evidence adequate to satisfy the judicial skepticism aroused by the lengthier sentence that the proffered information would require the District Court to impose.

United States V. Wise, 976 F.2d 393, 402-03 (8th Cir. 1992). Cert. denied, 507 U.S. 987, 113 S Ct 1592 123 LEd. 2d 157 (1993)... Moreover, while the guildline allow a district Court to consider relevant information without regard to its admissibility under the rule of evidence applicable at trial. provided that the information has sufficient indicia of reliability to support its probable accuracy' does not grant the district Courts a license to sentence a defendant in the absence of sufficient evidence when that defendant properly objects to the PSI's conclusory factual recitals. U.S.S.G 6A1.3(a) Nov.1, 1994 this this relaxed standard.

United States V. Lawrence, 47 F.3d 1559. 1566-67 (11th Cir 1995) (emphasis added) (citations ommited) thus government has the burden of presenting "reliable and precific" evidence to support an enhacement under 2k2.1(6) evidence that Bernardine was an "unlaw-

ful user of Marijuana. This the government failed to do so. Bernardine 73 F.3d at 1080-81.

The District Court was required to resolve the facture dispute by refernce to some evidence offered in support of contention that the gun was stolen. this the Court fail to do so. U.S. v. Banks 347 F.3d 1559, 1566-67 (11th Cir. 2003) see united States v. Espinoza 481 F.2d 553, 555 (5th Cir. 1973).

### Ineffective assistance of Counsel are proper before this Court.

The Court will not generally Consider claims of ineffective assistance of Counsel raised on direct appeal where there the district Court did entertain the claim nor develop a factual record." united States v. Bender 290 F.3d 1279, 1284 (11th Cir. 2002) citing united State v. Khoury, 901 F.2d 948, 969 (11th 1990)). The goverment claims that ineffective was not raised on direct appeal is without Merit.

¹Counsel was ineffective for not discussed the plea agreement with me Court adjoured. Mr. Van Heest had 3 More cases that day and didn't leave the Court room. ² the defendant requested to go to pretrail conference and was deprived of his right by his counsel.

Counsel was ineffective his preformance was defective Counsel failed to exercise of reasonable diligence. See defense exhibit 1 Counsel filed a motion to quash the indictment because the complaint said "solicitation - Murder," an the Court was without juridiction to render the judgment or to impose sentence because there was never a complaint filed for felon in possession of a firearm after being Convicted of attempted Murder there was Misconduct on the government for changes the charge.

4

Thus in McMann the Court indicate that the accused is entitled to a reasonably competent attorney. 394 at 770 25 L Ed 2d 763. 90 S Ct 1441 whose advice is within the range of competence demanded of attorney in Criminal Case's Id. at 771. 25 LED 2d 763. 90 S. Ct 1441 In Cuyler v. Sullivan 446 US 335, 64 L Ed 2d 333. 100 S. Ct 1708 (1980). we held that the Constitution guarantees an accused adquate legal assistance," Id., at 344. 64 L Ed 333. 100 S Ct 1558 (1708) and in Engle v. Isaac. 456 US 107 71 LED 2d 783. 102 S.Ct 1558 (1982). the Court referred to the criminal defendant's Constitution guarantees of "a fair trial and competent attorney. Counsel representation fell below and objective standard of reasonable counsel did not discuss the terms of the plea agreement R-3-4

The Court: have you had an opportunity to read and review the plea agreement before you signed it.

The defendant: No your honor we just discussed it ain't read it today yet

The Court: you have not read it?

In Cuyler v. Sullivan the Court held that prejudice is presumed when Counsel when Counsel is burdened by an actual conflict of Enterest. Strickland V. Washington 466 US 668, 80 L Ed 2d 696, 104 S. Ct 2052

The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the Strickland analysis.

if it was not for Counsel misrepresentation I would have insisted on going to trial.

The trial Erred in ordering that the defendant federal sentence 18 U.S.C 3553. (a) 3584(b).

## Conclusion

For the above reason, the defendant have demonstrate that he is entitled to relief from the Court and his motion 2255 should be granted and evidence Hearing requested

Respectfully Summited this the 8 day August 2005

5

In The United States District Court
For The Middle District of Alabama
Northern Division

Albert Carter
    Defendant Mover.
vs.

United States of America
    Respondant

Case No. 2:05 cv 654-F
(Cr. No. 03rc 61-N)

## Certificate of Service

I hereby Certify on September 8, 2003 I have forward a copy of the same to James B. Perrine, assistance United States attorney P.O. Box 197 Montgomery, Alabama 36101 by placing a copy of same in the U.S Mail properly addressed and properly prepaid

Respectfully Submitted
Albert Carter
    Defendant's