IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

ALBERT CARTER. JR.,

VS.                                        CIVIL ACTION NUMBER: 2:05 CV, 654 M E F

UNITED STATES OF AMERICA

## MOTION TO OBJECTS TO RECOMMENDATION OF THE MAGISTRATE JUDGE

### 1. INTRODUCTION

On February 20, 2003 A Complaint was filed in the United States Court for the Middle district, felon in possession of A firearm after being convicted of "solicitation of murder." ( Id. At 1.) A warrant was then issued, Steagald V. United States 204, 212 (1981) warrant necessary because Law enforcers "may Lack sufficient objectivity to weigh correctly the strength of the evidence supporting the contemplated action against the individual's interest in protecting his own liberty"); under federal rules of Criminal procedure, a complaint requesting an arrest warrant must contain " essential facts Constituting the offense Charged." and a sworn affidavit must establish grounds for issuing a warrant. The frivolous affidavit supporting the arrest warrant violated the fourteen amendment probable cause, the Complaint. ( Id at 1. ) " Solicitation of Murder " is prejury. Schriber went above and beyond what afforded to pubic official acting within the general scope of his authority, when the constitution or Laws of the United States, or the Constitution of this State are Laws rules, or regulations of this state enacted or promulgates for the purpose of regulating the activities of governmental agency require other wise; or
 (2) when a State agent act willfully, maliciously fraudulently, in bad faith, beyond his of her authority, or under a mistaken interpretation of the law." 792 S0. 2d at 405 ( first and last emphasis original other emphasis ) See EX Parte Wood 852 S0. 2d 705 (2002). EX Parte Butt 775 S0. 2d (Ala. 2000).

His discretionary act's are defined as those acts to which there is no hand and fast rule as to the conduct one must or must not take and those acts," requiring exercise in judgment and Choice and involving what is just and proper under the Circumstance". EX Parte Davis 721 S0. 2d 685, 688 - 89 (Ala 1998).

The complaint sworn out by Troy Police Officer Schriber, Affidavit. A Criminal History was run through A.C.J.I.C. on Mr. Carter and it was Learned he is currently on parole in Alabama for Solicitation - murder, this stems from a conviction in Tuscaloosa from Attempted murder in 1983. Mr. Carter is also currently under a protection order signed in Pick County by Mrs. Carter. ( Id. At 1.).

The warrant was illegally executed, Nathanson v. United States, 290 U.S. head note 12 41, 78 L Ed 159. S. Ct 11 that an affidavit does not establish probable cause which merely states the affiants belief that there is cause to arrest. The magistrate should know the evidence on which the police propose to act. Unless that is the requirement, unless the magistrate make his independent judgement on all the known facts, then he tends to become merely the tool of the police interest . The complaint is frivolous" there was no predicate felony solicitation of murder, the prejury and obstruction of justice can't be treated as mislabeled resulting prejudice with respect to equal protection and due process of law, because of Counsel's unprofessional errors for not investigating the factor basis of the government charges and challenged the unconstitutional arrest satisfies on prongs of the strickland 466 11.5. at 687. A "reasonable probability is a probability sufficient to undermine confidence in the outcome" have deprive the appellant of his substantive or procedural right to which the Law entitles him." Lockheart v. Frelwell, 506 U .S. 364. 372 (1993).

However, from a review of the sworn affidavit accompanying the complaint and the allegation in the indictment, it is unclear that the predicate felony solicitation of murder and attempted murder arose out of the same conduct, the magistrate Judge finding frivolous, and conclusive... The Court was without subjunctive matter jurisdiction to except the guilty plea.

The standard for reviewing flaws in an indictment should not be confused with the standard for reviewing flaws in the grand jury proceeding which Led to the indictment. U.S. DU BO 186. F3d 1177 (9TH Cir. 1999). On the basis of facts presented to the grand jury by persecutor only..." United States v. DU BU 186 f.3d (9TH, Cir. 1999).

Schriber, stated "Mr. Carter is also currently under a protection order signed in Pike County by Mrs. Carter (Id. At 1.)." his conduct amount to more than inadvertence, Lack of due Care, negligence or error, at the time of the incident alleged in the complaint would not entitled him to immunity failed to discharge his duties pursuant to detailed rules or regulations, such as those stated on a checklist, or acted willfully, maliciously, fraudulently, in bad faith, interpretation of the Law." 792 S0.2d at 405 (first and Last emphases' original other emphasis added). EX Parte Wood. 852 S0. 2d 705 (2002) EX Parte Butt 775 S0. 2d (Ala 2000).

The fifth amendment guarantees a defendant the right to be tried on only those offenses presented in an indictment returned by a grand jury, a substantive amendment to an indictment is reversible error. Such and amendment occurs when the prosecutor or the court either literally or constructively alter the charging terms.

Stirone v. United States., 361 U.S. 212. 217 - 19 (1960) amendment of indictment violates fifth amendment of indictment per se violation of grand jury clause).

Cert. Denied 113 S. Ct 354 (1992). U.S. v. Parkhill 775 f.2d 612. 615 (5th Cir. 1985) (implicit or Constructive amendment pre se reversible error, but amendment must concern essential element of a crime to constitute fatal flaw; U.S. v. ford 872 f.2d 1231. 1235 (6th Cir 1989) Constructive amendment pre se prejudicial and warrant reversal of conviction).

Cert denied 495 U.S. 918 (1990) ; U.S. v. Aguilar, 756 f.2d 1418. 1423 (9th Cir. 1985) particularly if the amendment broadens or alter the offense Charged."

Compare Stiron. 361 U.S 212, 217 -19 (1960) amendment of indictment violates fifth amendment of indictment per se violation of grand jury Clause); U.S. v. Patino. 962 f. 2d 265 - 266 ( 2d Cir, ) Constructive amend of indictment per se violation of Grand jury Clause ), Cert, denied, 113 S. Ct. 354 (1992). U.S. v. Parkhill, 775 f.2d 612, 615 (5TH Cir. 1985) implicit or constructive amendment fatal flaw); U.S. v. Ford, 872 f.2d 1231. 1235 (6TH Cir. 1989) (Constructive amendment per se prejudicial and warrant reversal of Conviction), Cert denied 495 U.S. 918 (1990). U.S. v. Aguilar, 756 f.2d 1418. 1423 (9TH Cir. 1985) (Substantive amendment of indictment, particularly if the amendment broadens or alters the offense Charged." fatal error because violates defendant's fifth amendment right to be only on Charges brought by grand jury indictment.

Constitutional Law 840.3 - due process - criminal Conviction - reasonable - doubt standard.
7. The due process clause protects an accused against conviction except upon proof beyond reasonable doubt of every fact necessary to constitute the crime with which he is charged 2097. In re winship 397 U.S. 358. 364 (1970). The reasonable doubt Standard applies in both State and Federal proceeding. Sullivan V. Louisiana 113 S. Ct 2078, 2081 (1993).

## 2 INEFFECTIVE ASSISTANCE OF COUNSEL

At the outset the transcript have been altered; there is a disputed fact concerning ineffective assistance of Counsel, United Stated V. Carter No,. 03 - 1481 (11th Cir. Apr. 8, 2005) (unpublished). The Eleventh Circuit stated that it would not consider ineffective assistance of counsel because the record was insufficiently developed for appellate review of such a claim. Id. Rules governing section 2255 proceedings in the United States District Courts, an evidentiary hearing is necessary and that, pursuant to Rule 8 (a) (b) Rule governing Section 2255.

Addressing Counsel's Joseph P. Van Heest, affidavit filed with this Court, he negotiated a 57 - month sentence with government in this 922 (g)
(1)   After rejecting the 10 year plea he offered me, an if I took it the trail and lost I would get 15 years, that was his second visit at the Montgomery City jail. Investigator Johnny Johnson was with him an attempted to interrogate me about who I got the gun from and was told, I am not going to tell you because all you want to do is prosecute them. The next time I saw Mr. Van Heest was in open court. He told me he had negotiated me a 57 month plea. I would start doing my Federal Sentence, the State Sentence will be running at the same time. I won't have that much left on the State Sentence after finishing the Federal Sentence, just sign here.
The facts are undisputed;

3.

The Court:     Have you had an opportunity to read and review the plea agreement in this case before you signed it?
Defendant:     No, your Honor
The Court:     You have not read it?
Defendant:     Not yet.

The relevant portion of the record... (Doc. No at 5 Doc. No10 at 4-5.) The question whether the defendant has received ineffective assistance of Counsel is a mix question of Law and facts. Strickland v. Washington 466 U.S. 668, 698, 104 S. Ct. 2052, 80 L.Ed 2d 674 (1984); Chacan v. Woods, 36 f.3d 1459. 1465 (9TH Cir. 1994).

The Court:     Mr. Carter, you were previously before the Court, the Court asked you had you read the plea agreement you indicated that you had not. The Court took a break to allow you to do that, have you know read the plea agreement?
Defendant:     Yes your Honor.
The Court:     Do you understand its terms?

The purpose of the right to effective assistance of Counsel is not to pass judgement on the actions of defense Attorneys, but to ensure that Criminal defendants receive the zealous, competent defense to which they are entitled. Cf. United States v. Gouveia 467 U.S. 180, 189, 104 S. Ct 2292, 2298, 81 L. Ed 146 (1984).

Addressing Van Heest Affidavit filed with this Court are as follows:
Mr. Carter is correct that I did not object to the two-level enhancement for the claim that the firearm was stolen. The Federal discovery show that the ATF ran tests on the gun. No body was found on the gun, the gun was not reported stolen. Mr. Van Heest can't show else where the gun was stolen, his merit less claim that I would not tell him who I borrowed the gun from, he never ask.

The appellant was prejudiced by Van Heest deficient performance during the penalty phase. Hendricks v. Calderon 70 f.3d 1043 (9TH Cir. 1995).

### A. Deficient Performance

The district Court's factual findings greatly simplify the analysis of Counsel's penalty phase performance. The District Court found that neither trial Counsel nor his investigators conducted any investigation directed at developing mitigating evidence. The Court further concluded that counsel did not make a strategic choice to forego a penalty phase investigation and that on the facts of this case, no discernible strategy could justify Counsel neglect.

There was an objection made to the two - level enhancement for the Claim that the firearm was stolen with the probation officer Mr. Van Heest recommended no change.  There was no overwhelming evidence that the gun was stolen. Counsel unprofessional errors the results of the proceeding would have been different. Strickland, 466 U.S. at 688 104 S. Ct. The probation officer applied a two - level enhancement which was based upon the firearm being stolen, the Government still had the victim and two other witness to the shooting, the issue before the Court is whether the gun was stolen.

4.

to that 25 years conviction. And on page four there cullaterally attack, it say the defendant-- the united does not waive it's right to appeal a sentence imposed on the instant case, does not any order dismissing the indictment, vacate, a, the sentence.

Mr. Van Heest: That's the sentence in this case.

The defendant: That what it say, That what it says on page three about the sentence in this case. Id. at 8.

Mr. Van Heest: Your Honor, I dont think it's nesessary to amend the plea agreement again only covers this offense. The plea agreement could not something--

The Court: I understand, but I think if it set it out in writing it may satisfy Mr. Carter's conscience about-- in fact, the plea agreement does say in it the Government's intentions are what they seem to be expressed in the plea agreement, Id at 9.

Counsel performanced outside the wide range of reasonable prefessional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the sixth amendment, Id. at 681-89. Mr. Van Heest preparation during the penalty phase was deficient, not objecting to the two-level enhancement for the claim that the firearm was stolen. See Visciotti V. Woodford 288 f. 3d 1097 (9th Cir. 2002).

The reason for pleaing guilty was because of Van Heest misled me with faulty information that if I plea guilty that I would start doing my federal sentence, the State sentence will be running with it. Van Heest affidavit is self serving there is no statement by the appellant, the affidavit are being construed as the appellant statement, while there are contradicting testimony " the affidavit is written by schriber." The ATF run tests on the gun, no bodys

reported found, and the gun was not reported stolen, other than a bare allegation of Schriber there is nothing in the record to indicate the gun being stolen.

The reviewing Court is not restricted to examining the four corners of the affidavit." Hawkins V. City of Birmingham, 449 U.S. 888, 101 S. ct 245,66 L ed.2d 114 (1980).

The constitutional right is not a guarantee of errorless counsel nor representation judged ineffective only by the benefit of hindsight. Young V. zant, 677 f. 2d. 792, 798 (11th Cir 1982) Washington V. Watkins, 665 f. 2d 1346, 1355 (5th Cir. 1981), Cert denied, 456 U.S. 949, 102 S. ct. 2021, 72 L. ed 2d, 474 (1982). Application of the ineffective assistance standard involves " A determination of whether a reasonably effective assistance was rendered based upon the totality of circumstances and the entire record " Nelson V. Estelle, 642 f. 2d 903, 906 (5th Cir. 1981) (emphasis in original).

The appellant has been denied effective assistance of counsel is a mixed question of facts and law. Cuyler V. Sullivan, 446 U.S. 335, 341-42, 100 S. ct. 1708, 1714, 64 L. ed 2d 333 (1980); Baty V. Balkcom, 661 f.2d 391, 399 N. 5 (5th Cir. 1981), Cert denied, 456 U.S. 1011, 102 S. ct. 2307, 73 L ed. 2d 1308 (1982).

Van Heest didn't investigate into the factual based of the Government charge, after and objection was made for the two - level enhancement by the probation officer, Van Heest wrote a letter recommended no change. " [W]hen counsel is confronted with an actually conflict of enterest, prejudice must be presumed, and except under the most extraordinary circumstances, the errors cannot be considered harmless." Baty, 661 f. 2d at 395 (quoting Turnquest V. Wainwright, 651 f. 2d 331, 334 (5th Cir. 1981). As Baty indicates nothing in Cuvler requires proof that an actually conflict of interest

7

I told Van Heest I wanted to go to a pre - trial conference that my issue before this court, the meritless claim that I requesting a copy, I requested a copy of the PSI report is contrary to the issue before this court.

[ ] finding the firearm was stolen

The court abuse it discretion in the two - level enhancement for the gun being stolen, the sentencing reform act of 1984 provides the statutory standard for reviewing sentences. Section 213 (a) of the act provides in relevant part.

(2) Was imposed as a result of an incorrect application of the sentencing guidelines.

In U.S. V. Lynch 201.1 (b) (1), he contends that it is improper for a sentencing judge to consider allegedly unlawful conduct in his case he alleged possession of the firearm - for which a jury previously acquitted the defendant".

If the conduct is established by reliable evidence. United States V. Rivers Lopez, 928 f. 2d. 372, 392 (11th Cir. 1991) (per curiam) (post guide-lines)(quoting United States V. Funt. 896 f. 2d 1288, 1300 (11th Cir. 1990) (pre guidelines). United States V. Lynch 934 f. 2d 1226 (11th Cir. 1991).

The PSI report was based on incorrect incomplete facts the court erred by rejecting my objection that the gun was not stolen the district court un-properly adopted the factual findings and two - level enhancement for the claim that the firearm being stolen. U.S. V. Gooden 892 f. 2d 725 (8th Cir. 1989). The guideline themself do not prescribe a particular standard of proof,they do however advise that. [I]n resuling any reasonable dispute con-cerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has

sufficient indicia of reliability to support probable accuracy.

Federal sentencing guidelines § 6A1.3 (a), at 6.2 (emphasis added) the commentary to this section recogonize that because the "court's resolution of disputed sentencing factors will usually have a measurable effect on the applicable punishment," approprate procedures are required to ensure that " the sentencing process is ... accurate and fair." Id. commentary at 6.2 the commentary instructs courts to hold evidentiary hearings, is necessary to " ensure that the appellant have an adequate opportunity to present relevant information." Id. nothing in the guidelines suggests that the commission intended to require the trial to articulate any particular standard of proof when finding in sentencing proceeding.

In Specht V. Patterson, the supreme court stated that [d]ue process... requires that [the defendant] be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross - examine, and offer evidence of his own. And there must be finging adequate to make meaningful any appeal that is allowed, 386 U.S. 605, 610, 87 S. CT. 1209, 1212, 18 L. Ed. 2d 326 (1969). The district court violated the due process clause. accord United States V. Wright, 873 f. 2d 437, 441-42 (1st Cir. 1989).

The district court did not address the issue, it finding are contrary the purpose and flagrancy of official misconduct." Id. at 877,See Brown V. Illionis, 422 U.S. 590, 603-04, 95 S. Ct. 2254, 2261-62, 45 L Ed. 2d 416, 426-27 (1975); According the recommendation of the magistrate judge is contrary to the Supreme Court holding in McMillan V. Pennsylvania, 477 U.S. 79, 91, 106 S. Ct. 2411, 2418, 19 L. Ed. 2d 67 (1986) (Sentencing Courts have traditionally heard evidence and found facts without any prescribed burder

of proof at all.").

[ ] Uneffective assistance of appellete counsel, it is settled that "[the effectiveness of an advocate's oral presentation is difficult to judge from a written transcipt, and the lenght of an argument is not a sound measure of it quality." (People V. Cudjo (1993) 6 Cal. 4th 585, 634-635, 25 Cal. Rotr. 2d 390, 863 P.2d 635).

Appellate counsel was ineffective for not challegening the unconstitutional arrested, after requestion him to do so, the court lack subject matter jurisdiction because the complaint stated the appellant was convicted in 1983 for solicitation of murder as predicate offense, " counsel labors under an actual conflict of interest." Id. at 659 - 61, 662 n. 31, 104 S. Ct. 2039; See also Smith V. Robbins, 528 U.S. 259, 120 S. Ct. 746, 764 - 65, 145 L. ED. 2d 756 (2000) second when counsel ask who did I get the gun from I told him that the gun was actually mine, that I let a friend keep it she live alone for protection.

Counsel was ineffective for not challegening the unconstitutional arrest in that the charges had been alter from solicitation of murder, the complaint, this alleges the denial of a constitutional right. See Williams V. Taylor, ____ U.S. _____,_____, 120 S.Ct. 1495, 1514-16 146 L. Ed 2d 389 (2000), under the plain error, there was errors by both attorney (2) the error was plain, and (3) the error affected defendant's substantial right. See Fed. R. Crim. P. 52 (b) Olano, 507 U.S. at 732-35, 113 S. Ct. 1770 the error seriously effects the fairness, integrity, an public reputation of the judicial proceeding. United States V. Ross, 77 f. 3d 1525, 1538 (7th Cir. 1996) (discussing Olano, 507 U.S. at 736-37, 113 S. Ct. 1770). United States V. Remsza, 77 f. 3d 1039, 1044 (7th Cir. 1996) (quoting United States V. Gunning, 987 f. 2d 1476, 1482 (7th Cir. 1993).

adversely affect counsel's performance or impair his client's defense, 661 f. 2d 391, 396. See also Holloway V. Arkansas, 435 U.S. 475, 490, 98 S. ct. 1173, 1181, 55 L. ed 2d 426 (1978) (" The evil... is in what the advocate finds himself compelled to refrain from doing).

The appellant have satisfies the required showing on both prongs of Strickland inquiry should be granted relief. Strickland, 466 U.S. at 689" Strickland Court expressly declined to articulate specific guidelines for attorney performance beyond highly generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to cummunicate with client over the course of the prosecution. Id the Strickland Court.

The magistrate judge recommendation is orbilraty, to what is just and fair, not proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id [ ] standby counsel at sentence hearing.

At the outset the transcipt have been alter, to reiterate that am not saying I don't want and attorney, I don't want Van Heest to represent me under NO circumstance, appellant clearly and unequivocally assert the right of self-representation. Criminal law key 641.4 (2) U.S.C.A. Cont. Amendment 6, after telling the Court I was no better off than I would be without him, as notes the transcript been alter. Other factors consudered by Courts in determining the validty of a faretta waiver was a result of coercion or mistreatment of the defendant, Blassingame V. Estelle 604 f. 2d 893 (5th Cir. 1979). Mr. Van Heest come to visited with the other inmates at the Montgomery City jail on the 6th of August 2003 that was on his case load that was going to be sentence August 7th, 2003 with the exception of me, there is a record of this. On August 7th, 2003 I entered the court

room Van Heest told me that the probation office was going to recommend 71 months just give him a moment to talk to the judge he was sure he can get him to give me 57 months, I was looking at the probation recommendation as he was addressing the Court about other matter concerning other case's.

I told the Court exactually what Van Heest had told me, an under NO circumstance I wanted him to represent me. Another factor to be considered the determining the validity waiver include whether the waiver was a result of coercion or mistreatment of the appellant, made no attempt to delay the proceedings. See United States V. Tompkin 623 f.2d 824, 828 (2d Cir. 1980), United States V. Fowler 605 f. 2d 181, 183 (5th Cir. 1979). The judge ask why I didn't want Van Heest as a standby attorney. I said because he was not a good attorney, Judge Fuller stated that no reason for not wanted him for a standby attorney. I stated what make you think he's going to be a good standby attorney as notes ( the transcipt have been alter). An he was not going to say anything in my behalf if I got in position to be able to answer for me. In view of time of counsel's conduct," Strickland 466 U. S. at 690, 104 S. Ct. at 2066, and may not use hinsight to second-guess his strateay choices, See Lockheart V. Fretwell._____ U.S._____,_____, 113 S.Ct. 838, 844, L. ED. 180 (1993). Mr. Van Heest as standby counsel his failure to object to the two-level enhancement. As standby attorney was like not having one at all, through Zerbst Gideon, and other case, the court established that a criminal defendant must be provided with an opportunity to have the assistance of counsel before he could be deprived of his Liberty. I was no better off with Van Heest as standby attorney than I would have been without him. The affidavit is contrary and without merit.

[ ] copy of PSI report

12

Appellate Counsel was " not a reasonably attorney" under Strickland 466 U.S. at 686, 104 S. Ct. at 2064 (Citing McMann V. Richardson, 397 U.S. 759, 770 - 771, 90 S. Ct. 1441, 1448 - 49, 25 L. Ed 2d 763 (1970).

## CONCLUSION

According the U.S.C. § 2255 Motion filed by the appellant be granted as the claims therein entitle him to relief.

Done this the 6th day of September 2007.

My Commission expires 4/18/09.

_Rebecca Lee_
Notary Public

Respectfully Submitted,

_Albert Carter_
Albert Carter
107266 - 0 - 20
1000 St. Clair Rd
Springville, Al. 35146

## Certification of Service

I hereby certify that I have this 6th day of September 2007 served a copy of the foregoing, upon the following, by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed.

U.S. Attorney Office
James B. Perrine
P.O. Box 197
Montgomery, Ala 36101

Respectfully Submitted
Albert Carter Jr.
0-20-A-2
1000 St Clair Rd
Springville, Ala 35146

Done this the 12th day of September 2007

(Notation) Mr. Perrine got a copy on September 6, 2007



Debra P. Hackett. Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

Albert Carter Jr. 107266
U-20-A-2
1000 St Clair Rd
Springville, Alabama 35146